UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RIGBY ENTERPRISES LLC,

    Plaintiff,

v.                                               Case No.: 2:19-cv-228-FtM-38NPM

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Plaintiff's Motion for Partial Summary Judgment (Doc. 41) filed on December 11, 2019, and Defendant's Corrected Response in Opposition (Doc. 49) filed on January 9, 2020. For the reasons below, the Motion is denied.

## **BACKGROUND**

This case involves an insurance coverage dispute for damages to Plaintiff's luxury tennis academy and boarding school in Naples, Florida from Hurricane Irma. Plaintiff-insured Rigby Enterprises LLC alleges that Westchester Surplus Lines Insurance Company breached its coverage obligations to Rigby under a commercial insurance policy for Defendant's failure to compensate Rigby in the full amount of its damages and loss resulting from Hurricane Irma.

Plaintiff now moves for partial summary judgment in its favor, raising one argument – that the undisputed evidence shows that Defendant undisputedly breached the contract

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

by making a payment 46 days late under the Policy. Westchester states that the parties never agreed as to the amount of loss and therefore Westchester was under no obligation to pay under the terms of the Policy.

In support of summary judgment, Rigby relies on the purportedly unambiguous Loss Payment clause of the Policy, which provides a 30-day deadline that Westchester did not meet. The "Loss of Payment" provision provides:

> 4. **Loss Payment**
>
> a. In the event of loss or damage covered by this Coverage Form, at our option, we will either;
>
> (1) Pay the value of lost or damaged property;
>
> (2) Pay the cost of repairing or replacing the lost or damaged property, subject to b. below; . . .
> b. the cost to repair, rebuild, or replace does not include the increased cost attributable to enforcement of or compliance with any ordinance or law regulating the construction, use or repair of any property.
>
> c. We will give notice of our intentions within 30 days after we receive the sworn proof of loss . . .
>
> g. **We will pay for covered loss or damage within 30 days after we receive the sworn proof of loss, if you have complied with all of the terms of this Coverage Part, and:**
>
> > **(1) we have reached agreement with you on the amount of loss . . . .**

(Doc. 41-1, at 21) (emphasis added).

On October 24, 2018, Rigby provided Westchester six Sworn Statements in Proof of Loss (POLs) (Doc. 41-3) totaling $8,594,168.78. On November 2, 2018, Westchester sent a letter to Rigby rejecting the POLs, disagreeing with the sums claimed, and requesting more information. (Doc. 41-4). Even so, Rigby argues that Westchester had all of the information it needed and has continually delayed paying the claim. Rigby

2

asserts that Westchester's payment was due on November 23, 2018 – 30 days after it provided Westchester the POLs. But instead Westchester paid Rigby $703,038.12 on January 8, 2019 – forty-six days late in breach of the contract.

## LEGAL STANDARD

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact" and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To defeat summary judgment, the non-movant must "go beyond the pleadings, and present affirmative evidence to show that a genuine issue of material facts exists." *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006).

In reviewing a motion for summary judgment, the Court views the evidence and all reasonable inferences drawn from it in the light most favorable to the non-movant. *See Battle v. Bd. of Regents*, 468 F.3d 755, 759 (11th Cir. 2006). But "[a] court need not permit a case to go to a jury…when the inferences that are drawn from the evidence, and upon which the non-movant relies, are 'implausible.'" *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 743 (11th Cir. 1996) (citations omitted). And "although *pro se* litigants are entitled to some leniency, they must still establish that there is a dispute as to a material fact." *Ameris Bank v. SB Partners, LLC*, 157 F. Supp. 3d 1356, 1359 (S.D. Ga. 2016).

## DISCUSSION

Here, viewing the evidence and all reasonable inferences in favor of Westchester, the Court finds that after receipt of the POLs Westchester disputed the extent of damages

that Rigby claimed it was owed under the terms of the Policy as outlined in the POLs. Because an agreement as to the "amount of loss" is required to trigger the insurer's obligation to pay within 30-days under the Loss Payment provision, and there is no evidence that the parties reached an agreement as to the amount of loss, the payment obligation under the Loss Payment provision was not triggered. Therefore, the Motion for Partial Summary Judgment on this basis is denied.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion for Partial Summary Judgment (Doc. 41) is **DENIED.**

**DONE** and **ORDERED** in Fort Myers, Florida this 15th day of January, 2020.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record